```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW HAMPSHIRE
```

David J. Widi, Jr.

    v.                                            Civil No. 14-cv-160-SM

Federal Bureau of Prisons et al.[1]


**O R D E R**

Plaintiff David Widi has filed a pleading, docketed as an "Amended Complaint" (doc. no. 21), which is before this court for preliminary review, pursuant to 28 U.S.C. § 1915A and LR 4.3(d)(1). Also before this court for a ruling is Widi's motion to stay this action for sixty days (doc. no. 24).

---

[1] Defendants named in the Amended Complaint (doc. no. 21) are the Federal Bureau of Prisons; former Federal Correctional Institution ("FCI") Ray Brook Warden Donald Hudson; and FCI Ray Brook Unit Manager David Salamy, Case Managers FNU Glue and Y. Matteau, and Case Management Coordinator Gaunyea, whose first name is unknown ("FNU"). Also named as defendants are the following FCI Berlin employees: Warden Esker Tatum; Case Management Coordinator Dan Sullivan; Unit Manager Wanda Mullins; Associate Warden FNU McGurn; Capt. A. Galetta; Lt. FNU Domitrovich; Lt. J. Hess; Lt. D. Myers; Lt. N. Hayden; Health Services Administrator FNU McCoy; Physician's Assistant K. Lewis; Nurse Brad Malcolm; Nurse Christine Larin; Nurse Kathy Bilodeau; FNU Croteau; and Corrections Officers ("COs") R. Smith, M. Dzubak, FNU Crimaldi, FNU Hubble, W. Knight, FNU Teale, J. Hulume, FNU Kuznecow, R. Cone, C. Tobias, FNU Barger, and twenty-two others, identified as "Does 1-22."

I.  <u>Amended and Supplemental Pleadings</u>

Federal Rule of Civil Procedure 15(a)(1)(B) allows Widi one opportunity to file an amended pleading as of right.  Widi, citing that authority, filed the Amended Complaint without moving for leave to amend or supplement the complaint.

To the extent Widi asserts new claims in the Amended Complaint (Claims 4 to 14) based on events occurring after he filed the original complaint, the Amended Complaint is a supplemental pleading governed by Rule 15(d), and is not simply an amended complaint that may be filed as of right.  The court has discretion, on just terms, to grant a motion seeking leave to add supplemental claims.  <u>See</u> Fed. R. Civ. P. 15(d).  In light of Widi's pro se status, the court relieves Widi of the requirement that he file a motion for leave to supplement the complaint, but instructs Widi that he must comply with Rule 15 if he intends to add claims to the case in the future.

Widi sought to add new claims to this case at a preliminary stage of the action, less than twenty-one days after defendants moved to dismiss, and before briefing on that motion had been completed.  Claim 4 in the Amended Complaint is sufficiently related to the facts alleged in the underlying suit to warrant

disposition in the same case. The remaining new claims (Claims 5-14), while not as closely related to the underlying claims as Claim 4, each involve allegations of federal constitutional violations and tortious conduct perpetrated by an overlapping set of FCI Berlin defendants. Defendants have indicated that they will assert defenses to those new claims that are similar to the defenses asserted as grounds for dismissing the original complaint. Accordingly, all of the supplemental claims are properly joined to the underlying claims in this case, and the supplemental pleading is the operative pleading in this case.[2]

II. Service

For reasons set forth in the Report and Recommendation issued on this date, the clerk shall prepare and issue summonses for the United States, and for each of the following FCI Berlin employees, using the FCI Berlin address: Associate Warden McGurn, whose first name is unknown ("FNU"); Capt. A. Galetta; Lt. FNU Domitrovich; Lt. J. Hess; Lt. D. Myers; Lt. N. Hayden; Health Services Administrator FNU McCoy; Physician's Assistant K. Lewis; Nurse Brad Malcolm; Nurse Christine Larin; Nurse Kathy

---

[2]The Report and Recommendation issued on this date recommends dismissal of Claims 1 and 14.

Bilodeau; FNU Croteau; and Corrections Officers R. Smith, M. Dzubak, FNU Crimaldi, FNU Hubble, W. Knight, FNU Teale, J. Hulume, FNU Kuznecow, R. Cone, C. Tobias, and FNU Barger.

Upon issuance of those summonses, the clerk's office is directed to provide each summons and a copy of the Amended Complaint (doc. no. 21), the Report and Recommendation issued on this date, and this Order, to the United States Marshal for the District of New Hampshire ("U.S. Marshal"). Upon receipt of those documents, the U.S. Marshal shall serve the United States, pursuant to Fed. R. Civ. P. 4(i)(1), and shall also serve each individual defendant, pursuant to Fed. R. Civ. P. 4(e).

III. Deadline for Defendants' Answer or Other Response

Defendants shall file their answer or other response to the Amended Complaint (doc. no. 24) by February 10, 2014.

IV. Identification of Does 1-22

Twenty-two unnamed defendants, identified by Widi as "Does 1-22" in the Amended Complaint, cannot be served at this time as Widi has failed to identify them by name. Widi may amend the complaint to name those parties by March 4, 2014, whereupon this court will determine whether service upon them is proper.

V. <u>Motion to Stay (Doc. No. 24)</u>

Widi has moved to stay this action for sixty days (doc. no. 24), asserting that to do so would promote judicial economy, as he is currently exhausting claims that he intends to add to the case. Defendants object, arguing that because a prisoner must exhaust administrative remedies before filing a civil rights action, the court should not stay the matter to allow for belated exhaustion to be completed.

A month has passed since Widi filed his motion to stay (doc. no. 24). In the interest of moving the case forward, the court denies Widi's motion (doc. no. 24), without prejudice to Widi's ability in the future to move to file an amended or supplemental pleading, as appropriate.

## Conclusion

The court directs as follows:

1. The motion for a sixty-day stay (doc. no. 24) is denied.

2. The Amended Complaint (doc. no. 21) is to be served on the defendants named therein. Accordingly, the clerk is directed to serve the new defendants as specified above.

3. Defendants must file their answer or other response by February 10, 2014.

4. Plaintiff is granted leave to amend the complaint to name Does 1-22 by March 4, 2014.

SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

December 8, 2014

cc: David J. Widi, Jr.
    T. David Plourde, Esq.