**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DAVID J. WIDI, JR.

Plaintiff,

- v -

Civ. No. 9:16-CV-1042 (FJS/DJS)

FEDERAL BUREAU OF PRISONS, *et al.*,

Defendants.

**APPEARANCES:** **OF COUNSEL:**

DAVID J. WIDI, JR.
Plaintiff, *Pro Se*
P.O. Box 240
Adelphia, New Jersey 07710

OFFICE OF THE UNITED STATES ATTORNEY - SYRACUSE — CHARLES E. ROBERTS, ESQ.
P.O. Box 7198
100 South Clinton Street
Syracuse, New York 13261

**DANIEL J. STEWART**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

## I. BACKGROUND

This is a case that was severed and transferred from a larger matter pending in the District of New Hampshire. *See* Dkt. No. 162. In the matter now before the Court, Plaintiff contends that during his confinement at Federal Correctional Institution ("FCI") Ray Brook, Defendants intentionally miscalculated his custody score in order to keep him at a medium security level, and effected Plaintiff's transfer to FCI Berlin, in retaliation for Plaintiff filing

an administrative grievance. Dkt. No. 105, Second Am. Compl., ¶¶ 89-96. Currently pending before the Court is Defendants' Motion to Dismiss. Dkt. No. 171, Defs.' Motion. Defendants contend that they are entitled to dismissal of the Complaint on the bases that (1) this Court lacks personal jurisdiction over Defendants; (2) the Court should not recognize a *Bivens* remedy for Plaintiff's First Amendment claims; (3) Defendants are entitled to qualified immunity; and (4) Plaintiff's Federal Tort Claims Act ("FTCA") claims should be dismissed because Plaintiff only alleges constitutional violations, for which the United States has not waived sovereign immunity.

## II. DISCUSSION

### A. Personal Jurisdiction

Defendants first contend that Plaintiff's case should be dismissed due to a lack of personal jurisdiction. Defendants contend that they were never served with the Summons and Complaint after this matter was transferred to this District, and that this Court therefore lacks personal jurisdiction over them.

The issue of whether to dismiss a case for failure to serve Summons is governed by Federal Rule of Civil Procedure 4(m). "Within the Second Circuit, pursuant to Rule 4(m), Fed. R. Civ. P., the district court must, upon a showing of 'good cause,' grant an extension of time for proper service to be made; and may exercise its discretion to grant such an extension 'even in the absence of good cause.'" *Taylor v. Norwalk Cmty. Coll.*, 2015 WL 5684033, *7 (D. Conn. Sept. 28, 2015) (citing *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007)).

The Court recommends denying Defendants' Motion for lack of personal jurisdiction. First, Plaintiff is proceeding *pro se*. As such, he is entitled to "special solicitude" in his pursuit of this claim, which solicitude seems particularly appropriate in light of this case's convoluted history. *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010). Plaintiff is also proceeding *in forma pauperis* in this District. Dkt. No. 170. Defendants concede that they were served with process in the District of New Hampshire. Dkt. No. 171-2, Defs.' Mem. of Law, p. 6. When a party proceeds *in forma pauperis* in this District, the U.S. Marshal Service handles service of process for the plaintiff. It does not appear that the Marshals Service was ever directed to serve Defendants after the matter was transferred to this District.

In addition, Defendants had actual notice of this case in this district: their counsel filed a notice of appearance and participated in a telephone conference regarding this case. *See* Dkt. Nos. 168 & 170; *Xue Hui Zhang v. Ichiban Grp., LLC*, 2017 WL 5991748, *4 (N.D.N.Y. Dec. 1, 2017) ("Rule 4 of the Federal Rules is to be construed liberally to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice.") (internal quotation marks omitted) (citing *Jaiyola v. Carrier Corp.*, 73 Fed. Appx. 492, 494 (2d Cir. 2003)). In addition, this action is proceeding under the same Complaint as was operative in the District of New Hampshire case. The Court therefore recommends extending the period for service of the Summons, and ordering that the U.S. Marshals effect service upon Defendants. *See Zapata v. City of New York*, 502 F.3d at 195-96; *Xue Hui Zhang v. Ichiban Grp., LLC*, 2017 WL 5991748, at *4 ("Rule 4(m) gives wide latitude to courts in deciding when to grant extensions on time to serve, including permitting courts to

grant extensions even absent good cause.") (internal quotation marks omitted) (citing *Gerena v. Korb*, 617 F.3d 197, 201 (2d Cir. 2010)).

**B. Defendants' 12(b)(6) Motion**

*1. Standard of Review*

On a motion to dismiss for failure to state a claim, the allegations of the complaint must be accepted as true. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972). The trial court's function "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (*overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984)).

"Generally, in determining a 12(b)(6) motion, the court may only consider those matters alleged in the complaint, documents attached to the complaint, and matters to which the court may take judicial notice." *Spence v. Senkowski*, 1997 WL 394667, at *2 (N.D.N.Y. July 3, 1997) (citing *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)). Moreover, "even if not attached or incorporated by reference, a document 'upon which [the complaint] *solely* relies and which is *integral to the complaint*' may be considered by the court in ruling on such a motion." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)).

The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *See Retail Clerks Intern. Ass'n,*

*Local 1625, AFL-CIO v. Schermerhorn*, 373 U.S. 746, 754 n. 6 (1963); *see also Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008). Nevertheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted).

A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as the plaintiff's complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal* 556 U.S. at 697 (citing *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Thus, in spite of the deference the court is bound to give to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts [which he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged." *Assoc. Gen. Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). The process of determining whether a plaintiff has "nudged [his] claims . . . across the line from conceivable to plausible," entails a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. at 679-80.

*2. Availability of Bivens Remedy*

This Court previously issued a lengthy decision in a factually similar case, ultimately determining that a *Bivens* remedy was available for an allegation of a First Amendment violation. *Marino v. Watts*, Civ. No. 9:12-CV-801, Dkt. No. 79 (N.D.N.Y. Aug. 8, 2016), *report and recommendation adopted*, *Marino v. Watts*, 2016 WL 5477729 (N.D.N.Y. Sept. 29, 2016).[1] In that decision, the Court recognized that the Supreme Court has cautioned against finding new implied *Bivens* remedies, but nonetheless found that doing so was warranted after completing the required analysis set forth in *Wilkie v. Robbins*. *Id.* (citing *Wilkie v. Robbins*, 551 U.S. 537 (2007)). In short, the decision made three main findings. First, the Court found that allowing the action to proceed would present a new *Bivens* context. *Marino v. Watts*, 2016 WL 5477729, at *2. Second, this Court found that there was not an alternative remedial scheme available to the plaintiff, and third, that no special factors weighed against allowing the plaintiff's action to proceed. *Id.* at *2-3. The Court finds that this rationale remains persuasive.

Defendants contend that Plaintiff has alternative processes available to protect his rights and interests, namely the BOP's administrative complaints process and the ability to file a writ of habeas corpus. Defs.' Mem. of Law at p. 9. This Court considered both of these arguments at length in *Marino*, and rejected them, finding that neither remedy constitutes a comprehensive remedial scheme established by Congress, or provides "roughly

[1] The unpublished *Marino v. Watts* Report-Recommendation and Order is attached to this Report-Recommendation and Order for reference.

similar" incentives and compensation. *Marino v. Watts*, 2016 WL 5477729, at *3 (citing *Marino v. Watts*, Civ. No. 9:12-CV-801, Dkt. No. 79 at pp. 11-16).

Defendants next contend that there are special factors counseling hesitation, because (1) the PLRA is a comprehensive legislative scheme, which does not provide for prisoners to recover damages; (2) the courts have recognized the need to view prisoners' retaliation claims with skepticism; and (3) concern regarding the number of prisoner retaliation claims and their cost to the government. Defs.' Mem. of Law at pp. 10-11. This Court also considered and rejected these arguments in *Marino*. The Court cited to Supreme Court precedent holding that no special factors counseled hesitation in creating a remedy against federal prison officials, and that the First Amendment rights at issue did not raise unique concerns that would require courts to hesitate before permitting an action against federal officials. *Marino v. Watts*, 2016 WL 5477729, at *3 (citing *Marino v. Watts*, Civ. No. 9:12-CV-801, Dkt. No. 79 at16-17) (citing *Carlson v. Green*, 446 U.S. 14, 19 (1980)). To the extent that Defendants contend that the recent Supreme Court case of *Ziglar* should alter this analysis, the Court finds that while *Ziglar* reiterates the Supreme Court's hesitation to recognize additional implied *Bivens* remedies, it does not alter the relevant legal landscape that existed when *Marino* was decided. *See Ziglar v. Abassi*, 137 S. Ct. 1843 (2017); Dkt. No. 176, Defs.' Reply, pp. 1-3. This Court's reasoning in *Marino* thus remains persuasive.

The Court recommends that Defendants' Motion to Dismiss on the basis that the Court should not recognize a First Amendment *Bivens* remedy be denied.

*3. Qualified Immunity*

Defendants next contend that Plaintiff's claims are barred by the doctrine of qualified immunity. Defs.' Mem. of Law at pp. 11-13. The doctrine of qualified immunity shields public officials from suit for conduct undertaken in the course of their duties if it "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity analysis involves a three step inquiry:

> First, we must determine whether plaintiff has alleged a violation of a constitutional right. Then, we must consider if the violated right was clearly established at the time of the conduct. Finally, if plaintiff had a clearly established, constitutionally protected right that was violated . . . , he or she must demonstrate that defendants' actions were not objectively reasonable.

*Harhay v. Town of Ellington Bd. of Educ.*, 323 F.3d 206, 2011 (2d Cir. 2003) (citations omitted). Generally, "the defense of qualified immunity cannot support the grant of a . . . 12(b)(6) motion for failure to state a claim upon which relief can be granted." *Green v. Maraio*, 722 F.2d 1013, 1018 (2d Cir. 1983); *see also McKenna v. Wright*, 386 F.3d 432, 435 (2d Cir. 2004) (quoting *Green v. Maraio*, 722 F.2d at 1018). An exception to this general rule exists where the complaint itself sets up, on its face, the qualified immunity defense; in such an occasion, dismissal for failure to state a claim would be appropriate. *Roniger v. McCall*, 22 F. Supp. 2d 156, 162 (S.D.N.Y. 1998) (citing *Green v. Maraio*, 722 F.2d at 1019); *see also McKenna v. Wright*, 386 F.3d at 435.

Here, Plaintiff has alleged a violation of his constitutional rights—to wit, his First Amendment rights. *See* Second Am. Compl. at ¶¶ 89-96. Defendants contend that Plaintiff

was transferred for a legitimate penological objective: in order to increase the population at another prison. Defs.' Mem. of Law at p. 12. In support of this assertion, Defendants rely on an exhibit submitted in support of a motion to dismiss in the District of New Hampshire. *See* Defs.' Mem. of Law at p. 12 (citing Dkt. No. 20-15; Dkt. No. 23-2). This evidence is thus not available on the face of the Complaint. As a motion to dismiss is to be determined on the pleadings, the Court cannot make a determination on such allegations. Defendants also contend that because Plaintiff only filed one grievance, not naming any Defendant, Defendants' transfer of Plaintiff was objectively reasonable. Such an argument is similarly misplaced on a motion to dismiss. These contentions are inherently factual in nature, and the Court declines Defendants' invitation to review affidavits submitted in another district, in ruling on their Motion to Dismiss. *See Spence v. Senkowski*, 1997 WL 394667, at *2 ("Generally, in determining a 12(b)(6) motion, the court may only consider those matters alleged in the complaint, documents attached to the complaint, and matters to which the court may take judicial notice"). In any event, the objective reasonableness of Defendants' actions "depends on the determination of certain factual questions that cannot be answered at this stage of the litigation." *Denton v. McKee*, 332 F. Supp.2d 659, 666 (S.D.N.Y. 2004).

For this reason, the Court recommends that Defendants' Motion do Dismiss on the grounds of qualified immunity be denied.

*4. Plaintiff's FTCA Claims*

Finally, Defendants contend that Plaintiff's claims under the FTCA should be dismissed because the United States has not waived sovereign immunity for Constitutional

torts. Defs.' Mem. of Law at p. 13. Defendants contend that Plaintiff's sole claims in this matter are First Amendment retaliation claims. *Id.*

It appears that all of Plaintiff's claims in this District are retaliation claims; however, to the extent Plaintiff's claims regarding the injuries he suffered after being transferred can be read as independent of Plaintiff's retaliation claim, they still all appear to be pled as relating to claims for First, Fifth, or Eighth Amendment violations. *See* Second Am. Compl. at ¶¶ 89-96 & 244-65.

"[C]onstitutional claims are not actionable under the FTCA." *Robinson v. U.S. Bureau of Prisons*, 244 F. Supp. 2d 57, 65-66 (N.D.N.Y. 2003); *see also Russo v. Cty. of Warren*, 2015 WL 7738043, *11 (N.D.N.Y. Dec. 1, 2015). Plaintiff contends in his opposition that he "may very well be able to establish a non-constitutional tort and, therefore, his claim under the FTCA should be allowed to proceed." Dkt. No. 175, Pl.'s Opp., p. 5. All of Plaintiff's claims in his Second Amended Complaint that pertain to Defendants are framed within the context of violations of the First, Fifth or Eighth Amendment, however, and Plaintiff does not identify what type of tort he might contend that Defendants committed. The Court therefore recommends that, to the extent that Plaintiff asserts an FTCA claim, it be dismissed from this action.

## III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion to Dismiss be **granted in part and denied in part**; and it is further

**RECOMMENDED**, that Defendants' Motion as to Plaintiff's FTCA claim be granted and that the FTCA claim be **dismissed** from this action; and it is further

**RECOMMENDED**, that Defendants' Motion as to the rest of Plaintiff's claims be **denied**; and it is further

**RECOMMENDED**, that the District Court order that the U.S. Marshals serve the Summons in this action upon Defendants; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: May 21, 2018
Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).